UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| MARVIN WILLIAMS, )<br>              Plaintiff, )<br>)<br>v. )<br>)<br>ILLINOIS DEPARTMENT OF )<br>TRANSPORTATION, )<br>              Defendant. ) | No. 19 CV 50343<br>Judge Iain D. Johnston |

## MEMORANDUM OPINION AND ORDER

The plaintiff alleges discrimination because of his race and color, as well as retaliation, in violation of Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e *et seq.* The defendant seeks to dismiss the count for discrimination because of color, along with the plaintiff's request for punitive damages, for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). Dkt. 20. For the reasons that follow, the motion for partial dismissal is granted.

## BACKGROUND

The following facts are taken from the plaintiff's complaint, Dkt. 1, and for purposes of the motion to dismiss are accepted as true. *See Dix v. Edelman Fin. Servs., LLC*, 978 F.3d 507, 513 (7th Cir. 2020). Plaintiff Marvin Williams works for defendant Illinois Department of Transportation. He is African-American. He works as a highway maintainer, and his duties include working in the sign department, fixing sections of highway, and plowing snow. He alleges that his job does not require him to own a motor vehicle. Nevertheless, he contends that IDOT has disciplined him for not having his own vehicle at work and for using an IDOT vehicle to accomplish his job, while white co-workers are not similarly disciplined. He complained to his supervisors that he was treated less favorably than his white co-workers, but the treatment continued, he was not called for overtime work, and IDOT refused to let him use its vehicles to accomplish his job. He filed a charge of race and color discrimination and retaliation with the Illinois Department of Human Rights and the EEOC, and on September 24, 2019, the EEOC issued him a right to sue letter.

The plaintiff filed suit within 90 days on December 19, 2019. He alleges three counts: discrimination because of his race (Count I), color (Count II), and retaliation (Count III). He seeks both compensatory and punitive damages.

The defendant has filed a motion to dismiss the plaintiff's allegations of discrimination based on color (Count II) because it is duplicative of his race discrimination claim, and his request for punitive damages because punitive damages are unavailable against a governmental agency. The plaintiff did not respond to the motion to dismiss, even after being afforded a

second chance to either respond or amend his complaint, *see* Dkt. 26, and so the Court rules without the benefit of his views.

## ANALYSIS

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement must give to the defendant fair notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must also plausibly suggest that the plaintiff is entitled to relief, which "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint's allegations, and when evaluating a 12(b)(6) motion the court must accept all well-pleaded facts as being true, and draw all reasonable inferences in favor of the plaintiff. *Calderone v. City of Chicago*, 979 F.3d 1156, 1161 (7th Cir. 2020)

### I.      Discrimination Because of Color (Count II)

The defendant seeks to dismiss the plaintiff's claim that he was discriminated against because of his color for failure to state a claim, and because the claim is duplicative of his race discrimination claim. A claim of discrimination because of color "arises when the 'particular hue of the plaintiff's skin is the cause of the discrimination.'" *Friedman v. Lake Co. Housing Authority*, No. 11 CV 785, 2011 U.S. Dist. LEXIS 119197, at *4 (N.D. Ill. Oct. 14, 2011) (quoting *Sullivan v. Presstronics, Inc.*, No. 96 CV 7436, 1997 U.S. Dist. LEXIS 8402, at *6 (N.D. Ill. June 11, 1997)). The plaintiff has not alleged the color of his skin, or plausibly suggested that the basis of his color discrimination claim is any different than the basis of his race discrimination claim. Accordingly, his color discrimination claim is merely duplicative of his race discrimination claim, and on that basis shall be dismissed. *Id.* at *4-5; *see also Howell v. Rush Copley Medical Group NFP*, No. 11 CV 2689, 2012 U.S. Dist. LEXIS 32383, at *10-11 (dismissing claim of color discrimination because it was outside the scope of the plaintiff's EEOC charge of race discrimination and was duplicative of her race discrimination claim).

### II.     Punitive Damages

Next, the defendant seeks to dismiss the plaintiff's request for an award of punitive damages against it. Punitive damages are available under Title VII under certain circumstances as set out in 42 U.S.C. § 1981a. However, they are unavailable against "a government, government agency or political subdivision." 42 U.S.C. § 1981a(b)(1). Because defendant Illinois Department of Transportation is an agency of the State of Illinois, the plaintiff may not recover punitive damages from it, and his request for punitive damages is dismissed. *See Blalock v. Ill. Dep't of Human Servs.*, 349 F. Supp. 2d 1093, 1097 (N.D. Ill. 2004) (for purposes of 42 U.S.C. § 1981a, a state department is a state agency and exempt from judgments for punitive damages).

## CONCLUSION

      For the reasons given, the defendant's motion for partial dismissal [20] is granted. The plaintiff's claim of discrimination because of his color (Count II), and the plaintiff's request for punitive damages are both dismissed. The dismissal of the request for punitive damages is with prejudice because the request is futile. Any motion for leave to amend to reallege the claim of discrimination because of color will be disfavored because the plaintiff declined two previous offers to either respond or amend. *See* Dkts. 23 & 26; *see also Powell v. Starwalt*, 866 F.2d 964, 966 (7th Cir. 1989) (dismissal under Fed. R. Civ. P. 41(b) for failure to follow court orders may be with prejudice). The plaintiff's claims for race discrimination (Count I) and retaliation (Count III) shall proceed.

Date: December 16, 2020    By: _____
                                          Iain D. Johnston
                                          United States District Judge